## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY CLARK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3231** |
| | : | |
| **TRANSUNION LLC/CREDIT** | : | |
| **REPORTING AGENCY,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**PEREZ, J.**                                                    **November 21, 2023**

Plaintiff Tracy Clark initiated this civil action by filing a *pro se* Complaint against TransUnion LLC, Experian Information Solutions Inc., Equifax Inc., TD Bank, Chase, PFCU, American Heritage, Navy Federal Credit Union, and TruMark.  Clark's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  She also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Clark will be given an opportunity to cure the deficiencies identified by the Court in her initial Complaint by filing an amended complaint.

## I.      FACTUAL ALLEGATIONS[1]

The allegations in Clark's Complaint are extremely sparse.  As noted above, Clark asserts claims against Equifax, Experian, and TransUnion, asserting that each of them is a consumer reporting agency under the FCRA.  (Compl. (ECF No. 2) at 1.)  Clark also names TD Bank, Chase, PFCU, American Heritage, Navy Federal Credit Union, and TruMark as Defendants in

---

[1] The facts set forth in this Memorandum are taken from Clark's Complaint.  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

the caption of her Complaint.  (*Id.*)  Without identifying a specific defendant, Clark alleges that between 2022 and 2023 her credit score dropped, and her credit profile contained errors.  (*Id.* at 3.)  Clark avers that her personal reputation has been affected and she has been denied credit, causing her humiliation.  (*Id.* at 3-4.).  Clark asserts a "violation of rights pursuant to 15 U.S.C. §§ 1681," and requests that "all errors attached to [her] credit profile" be deleted.  (*Id.* at 4.)  She seeks free credit access to all three reporting agencies so she, as a consumer, can dispute any future errors as well as those errors made during the last two years.  (*Id.*)  Finally, Clark seeks punitive damages in the amount of $3,500 from each of the three credit reporting agencies for "willful[] errors."  (*Id.*)

## II.    STANDARD OF REVIEW

Because Clark appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in

their complaints to support a claim.'" *Id.* (internal quotation omitted).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.* (internal quotation omitted).

## III.   DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC,* 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[2]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 344-45 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a

consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance."  *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).  "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'"  *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).  Similar to claims under § 1681e or § 1681i, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information.  *Holland*, 574 F. Supp. 3d at 298 (citations and internal quotation marks omitted).

Even under a liberal construction, Clark has not pled a plausible claim against any named Defendant whether it be a consumer reporting agency or a furnisher of credit information because she has not alleged the necessary factual information required to show that a statutory violation occurred.  Although Clark appears to indicate that there may be inaccurate information

on her credit reports concerning Defendants TD Bank, Chase, PFCU, American Heritage, Navy Federal Credit Union, and TruMark, (Compl. at 3), she has not set forth any facts describing what inaccurate information she believes was included in her consumer reports nor clearly explained why the information was inaccurate.  Accordingly, the Complaint fails to state a claim as pled.  *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Villalobos v. Citi Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021) (dismissing § 1681e(b) claim because plaintiff failed to plead any inaccuracies); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016

WL 828098, at *2 (D.N.J. Feb. 29, 2016) ("The complaint does not say what the negative credit information consisted of, or in what respect it was false.").  Accordingly, Clark's Complaint fails to allege a plausible claim for relief at this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Clark's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The Court will grant Clark leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for any FCRA claims.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

_____

**MIA R. PEREZ, J.**